Judge Stites
delivered the opinion of the Court.
A slave cannot hold property, neither can he take or hold the right of property in any degree. He is incapable of receiving or holding property, or the right to property, under a devise or bequest; and any devise or bequest to him, except that of freedom, is void; so a devise in trust, for the benefit of a slave, is also void, for a devise of property in trust for the benefit of a slave is substantially a devise to the slave, and, as he is incapable of taking the benefit, the trust cannot be enforced. Besides such beneficiary devise to a slave is equally at variance with the policy which forbids -him holding property.— (Graves vs. Allen, 13 B. Monroe, 192.)
The devise in this case to Embry., for the benefit of Joe Traveller, his slave, is therefore void, and no interest passed by it to the trustee nor the beneficiary. And the testator having no children or other relations that were free, and could take by inheritance, his wife, under the statute of descents in force at the *341 time of his death, (1st vol. Slat. Laws, 596,) was his sole heir-at-law, and as such entitled to the whole of :his estate.
She being thus entitled to the land in question, and in possession thereof, had the right under the statute, (Ses. Acts, 1853-54, page 149,) to file her petition in equity against Embry to quiet any claim he set up under the will, as devisee in trust for his slave. Embry, in his answer, instead of disclaiming title, and offering to release, as required by the statute, says he is advised that the devise is valid, and declares his intention, if living, at the proper time, to set up right thereunder. This declaration was of itself sufficient, without other proof, to entitle the appellant to a decree for a release from Embry, and in our opinion, the court erred in refusing it.
Wherefore, the judgment is reversed, and cause remanded for a judgment and other orders in conformity with this opinion.